Keith TENNER  *v.*  STATE of Arkansas

CA CR 03-1364                                    195 S.W.3d 383

Court of Appeals of Arkansas
Opinion delivered October 13, 2004

*John B. Gibson, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Keith Tenner was convicted of reckless driving and driving while intoxicated, and was ordered to pay fines and costs totaling $800.00. He appeals from his DWI conviction, arguing that the trial court erred in denying his challenge to the admissibility of the result of the chemical test, which indicated a positive urine screen for cannabinoids. Mr. Tenner argues now, as he did below, that the test result was inadmissible because there was no proof that the test was performed according to a method approved by Arkansas Department of Health, or by an individual possessing a valid permit from the Health Department. We agree, and therefore we reverse and remand.

Pursuant to Ark. Code Ann. § 5-65-204(b) (Supp. 2003), a provision of our Omnibus DWI Act, "Chemical analyses of the person's blood, urine, or breath to be considered valid under the provisions of this act shall have been performed according to methods approved by the Department of Health or by an individual possessing a valid permit issued by the Department of Health for this purpose." When a defendant challenges the admissibility of evidence under this section, it is the State's burden to establish the validity of the chemical analysis. *See Caffey v. State*, 43 Ark. App. 160, 862 S.W.2d 293 (1993).

This case was submitted to the trial court on stipulations by the parties. Mr. Tenner was arrested on December 14, 2001, and charged with reckless driving and DWI. The State introduced a report signed by toxicologist Don Riddle of the Arkansas State Crime Lab, which indicated that Mr. Tenner's urine tested positive for cannabinoids. In response to Mr. Tenner's challenge to the admissibility of the report, the State cited *Arkansas Dep't of Health, Arkansas Regulations for Blood Alcohol Testing*, § 1.21(b), which provides, "It is not required that the state medical examiner, his staff, or the State Crime Laboratory be certified, nor shall they be limited by these Regulations." Because the test at issue was conducted by the State Crime Lab, the State argued that Ark. Code Ann. § 5-65-204(b) was inapplicable. In denying Mr. Ten-

ner's objection to the admission of the report, the trial court found that "the State Crime Lab has a valid permit to conduct such analysis."

We agree with Mr. Tenner's argument that the State failed to establish admissibility of the report. The exclusion referenced by the State is limited to the Health Department's regulations for alcohol testing. In this case, the chemical analysis was for an intoxicant other than alcohol, and the State failed to identify any applicable exclusion pertaining to the State Crime Lab or its staff. Thus, it was incumbent on the State to show, pursuant to Ark. Code Ann. § 5-65-204(b), that the chemical analysis was performed according to methods approved by the Department of Health or by an individual possessing a valid permit issued by the Department. The State proved neither, and we thus hold that the trial court erred in finding the test to be admissible.

Reversed and remanded.

GLADWIN and VAUGHT, JJ., agree.